**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 29**

Docket No. AT-0752-15-0860-I-1

**Cathedral M. Henderson,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

August 18, 2016

John Michael Brown, Augusta, Georgia, for the appellant.

Edith W. Lewis, Columbia, South Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension based on a reasonable belief that he had committed a crime for which a period of imprisonment may be imposed.  For the reasons discussed below, we DENY the petition for review and SUSTAIN the agency's indefinite suspension action.

BACKGROUND

¶2      The agency employed the appellant as a GS-13 Program Analyst at the Health Eligibility Center in Atlanta, Georgia.  Initial Appeal File (IAF), Tab 6 at 13.  On July 8, 2015, a Federal grand jury indicted him on 50 counts of making

false statements relating to heath care matters in violation of 18 U.S.C. § 1035, an offense punishable by fines, imprisonment, or both. *Id.* at 28, 31-38, 41. The indictment alleged that, between February 6 and February 11, 2014, the appellant "ordered employees of [the agency] under his direction to close over 2700 unresolved authorized consults for medical care for veterans by falsely declaring the consults to have been completed or refused by the patients, when in truth and fact, as [the appellant] then well knew, the consults were still pending and unresolved, and the veteran patients were still waiting for the authorized medical consults." *Id.* at 33.

¶3 On July 22, 2015, the agency proposed to indefinitely suspend the appellant because, based on the indictment, there was reasonable cause to believe that he was guilty of a crime punishable by imprisonment. *Id.* at 23. The appellant was allowed 7 calendar days to respond to the proposed action, and, on July 29, 2015, his representative submitted a response on his behalf denying the charges and requesting a stay of the personnel action. *Id.* at 20-21, 23. On August 7, 2015, the agency issued its decision imposing the indefinite suspension effective August 9, 2015. *Id.* at 15. The decision letter stated that the suspension would remain in effect until completion of the judicial proceedings pertaining to the conduct charged in the indictment and instructed the appellant to contact his supervisor no later than 10 days after the completion of the judicial proceedings to inform him of the disposition of the case. *Id.*

¶4 The appellant timely appealed the indefinite suspension to the Board and requested a hearing, which he later waived after the parties agreed that there were no factual issues in dispute. IAF, Tab 1, Tab 10 at 1. The administrative judge notified the parties of the pertinent law and burdens of proof and allowed them an opportunity to file closing briefs. IAF, Tab 10 at 1-3. On April 15, 2016, the administrative judge issued an initial decision affirming the indefinite suspension and finding no merit to the appellant's allegations that the agency violated the statutory notice requirements. IAF, Tab 15, Initial Decision (ID). The appellant

has timely filed a petition for review of the initial decision, the agency has responded in opposition, and he has replied to the agency's response. Petition for Review (PFR) File, Tabs 1, 3-4.

## ANALYSIS

¶5     An indefinite suspension lasting more than 14 days is an adverse action appealable to the Board under 5 U.S.C. § 7513(d). 5 U.S.C. § 7512(2); *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015). To establish that an indefinite suspension is valid, the agency must show that: (1) it imposed the suspension for an authorized reason; (2) the suspension has an ascertainable end, i.e., a determinable condition subsequent that will bring the suspension to a conclusion; (3) the suspension bears a nexus to the efficiency of the service; and (4) the penalty is reasonable. *Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶ 6 (2013). As relevant here, one of the authorized circumstances for imposing an indefinite suspension is when the agency has reasonable cause to believe that an employee has committed a crime for which a sentence of imprisonment could be imposed. *Id.*; *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 13 (2010) (enumerating a nonexhaustive list of the three circumstances in which the Board and our reviewing court have approved the use of an indefinite suspension).

¶6     The administrative judge found that the agency had reasonable cause, based on the grand jury indictment, to believe that the appellant had committed a crime punishable by imprisonment and that the indefinite suspension had an ascertainable end, bore a nexus to the efficiency of the service, and was a reasonable penalty. ID at 4-7. On review, the appellant challenges only the administrative judge's finding that the agency had the requisite reasonable cause to impose the indefinite suspension. PFR File, Tab 1 at 6-9. Specifically, he argues that an indictment alone is insufficient to establish reasonable cause when, as here, the agency "made the criminal accusations against Appellant" and

provided "the only evidence presented to the grand jury." *Id.* at 8-9. In such a case, he argues, there must be a "third party review, law enforcement investigation, or evidence corroborating the criminal charges," in addition to the indictment, to support a finding of reasonable cause. *Id.* at 8.

¶7    The Board has held that "reasonable cause" in the context of an indefinite suspension based on possible criminal misconduct is virtually synonymous with "probable cause," which is necessary to support a grand jury indictment, i.e., probable cause to believe that a crime has been committed and that the accused has probably committed it. *Hernandez*, 120 M.S.P.R. 14, ¶ 7. The issuance of an arrest warrant, or the actual arrest of an employee, is insufficient to meet this standard. *Id.* (citing *Dunnington v. Department of Justice*, 956 F.2d 1151, 1157 (Fed. Cir. 1992)). However, absent special circumstances, a formal judicial determination following a preliminary hearing or an indictment following an investigation and grand jury proceeding provides "more than enough evidence of possible misconduct to meet the threshold requirement of reasonable cause." *Dunnington*, 956 F.2d at 1157; *see Hernandez*, 120 M.S.P.R. 14, ¶ 7. An agency may rely solely on a grand jury indictment to prove that there is reasonable cause to believe that the employee is guilty of a crime for which a sentence of imprisonment may be imposed. *Dalton v. Department of Justice*, 66 M.S.P.R. 429, 436 (1995).

¶8    Here, as noted above, a Federal grand jury indicted the appellant on 50 counts of making false statements relating to health care matters in violation of 18 U.S.C. § 1035, an offense punishable by fines, imprisonment of up to 5 years, or both. IAF, Tab 6 at 33-37, 41. As discussed above, it is well settled that such evidence is sufficient to satisfy the agency's "reasonable cause" requirement. *Dunnington*, 956 F.2d at 1157; *Hernandez*, 120 M.S.P.R. 14, ¶ 7.

¶9    The appellant's contention on review that the indictment was based entirely on evidence and testimony provided by the agency, even if true, does not negate the fact that a grand jury indictment establishes reasonable cause to believe that a

crime has been committed. This is true because a grand jury indictment is a conclusive determination of the issue of probable cause, and there is no requirement that the agency look into the judgment of the grand jury to determine whether the indictment was founded upon sufficient proof. *Dalton*, 66 M.S.P.R. at 436. Therefore, we discern no basis to disturb the administrative judge's finding that, in light of the grand jury indictment, the agency had reasonable cause to believe that the appellant had committed a crime punishable by imprisonment. ID at 5.

¶10     The appellant also argues on review, as he did below, that the agency violated his constitutional due process rights in effecting the indefinite suspension. PFR File, Tab 1 at 9-10, Tab 4 at 4-7; IAF, Tab 12 at 14-15. Although the administrative judge considered and rejected the appellant's contention that the agency violated his due process rights by failing to provide him 30 days' advanced notice of the charges and notice of his Board appeal rights pursuant to 5 U.S.C. § 7513(b) and (d), she did not expressly consider the appellant's constitutional due process claim in the initial decision.[*] ID at 7. We do so now.

¶11     The essential requirements of constitutional due process for a tenured public employee are notice of the charges against him, an explanation of the

---

[*] In the initial decision, the administrative judge found that, pursuant to 5 U.S.C. § 7513(b), the appellant was not entitled to 30 days' advance written notice of the proposed action because the agency had reasonable cause to believe that he committed a crime for which a sentence of imprisonment may be imposed. ID at 7; *see* 5 U.S.C. § 7513(b)(1) (stating that an employee is entitled to at least 30 days' advance written notice of a proposed action "unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed"). The administrative judge also found that the appellant's contention that the agency did not provide him with the notice of appeal rights required by 5 U.S.C. § 7513(d) was belied by the record. *Id.* The appellant does not challenge these findings on review, PFR File, Tabs 1, 4, and we discern no reason to disturb the administrative judge's well-reasoned findings on these issues.

evidence, and an opportunity for him to present his account of events. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). When a summary suspension is based on reasonable cause to believe that a serious crime has been committed, due process requires that the employee be notified of the reasons that led to the finding of "reasonable cause to believe." *Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 666 (1994). The appellant argues, however, that the agency failed to provide him notice of the specific charges against him and failed to give him a meaningful opportunity to respond to the proposed indefinite suspension. PFR File, Tab 1 at 9-10, Tab 4 at 4-7.

¶12    The agency notified the appellant by notice dated July 22, 2015, that it was proposing his indefinite suspension based on the fact that he was arrested and charged with 50 counts of "false statements related to health care matters" in violation of 18 U.S.C. § 1035. IAF, Tab 6 at 23. The proposal notice described the contents of the indictment and the results of the investigation that led to the indictment and explained that, based on the indictment, there was "reasonable cause to believe that [he] may be guilty of a crime for which a sentence of imprisonment may be imposed." *Id*. The agency allowed the appellant 7 calendar days to make an oral or written response to the proposed suspension, and, on July 29, 2015, the appellant's representative submitted a written response denying the charges. *Id.* at 20-21, 23. On August 7, 2015, the agency notified the appellant that he would be indefinitely suspended, effective August 9, 2015, for the reasons stated in the proposal notice. *Id.* at 15. The decision letter also indicated that the deciding official carefully considered the appellant's written reply in rendering her decision to impose the indefinite suspension. *Id.*

¶13    We find that the information contained in the notice of proposed indefinite suspension provided the appellant adequate prior notice of the specific reason for the indefinite suspension, i.e., reasonable cause to believe that he committed a criminal offense for which a term of imprisonment could be imposed. *See Dawson v. Department of Agriculture*, 121 M.S.P.R. 495, ¶¶ 8-13 (2014).

Furthermore, we find that the agency afforded the appellant a reasonable amount of time—at least 7 days—to reply to the charge.  *See* 5 U.S.C. § 7513(b)(2) (stating that an employee against whom an action is proposed is entitled to "a reasonable time, but not less than 7 days, to answer orally and in writing").  Accordingly, we find that the appellant has failed to establish that the agency violated his constitutional due process rights.  The indefinite suspension is sustained.

ORDER

¶14    This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27,

2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.